CASE 2.—ACTION BY PARK ROBERTS AGAINST J. B.
RESPASS AND OTHERS TO RECOVER MONEY
LOST IN A POKER GAME CONDUCTED BY DE-
FENDANTS.—December 15.

# Roberts v. Respass, &c.

Appeal from Kenton Circuit Court.

W. McD. Shaw, Circuit Judge.

Judgment for defendants, plaintiff appeals—Re-
versed.

1. Trial—Taking Case From Jury—Credibility of Witnesses.—In
an action against three persons as partners, plaintiff testified
as to statements made by all three of the defendants, and
was not contradicted as to the statements made by two of
them, but was contradicted as to the statements made by
the third defendant. Held, that the evidence was sufficient
to raise the issue of the credibility of the witnesses, and
therefore it was proper to refuse to give a peremptory in-
struction in plaintiffs' favor against the two defendants
making the uncontradicted statements.

2. Gaming—Remedies of Parties—Pleading.—In an action to re-
cover money lost at gambling, the petition stated that defend-
ants were proprietors of the place where the game was
carried on, and that they persuaded plaintiff to visit their
place, and that he lost a stated amount by playing poker in
such place. Held, that it was immaterial whether the game
was fairly played, and therefore evidence of its unfairness
was properly excluded.

3. Courts—Records—Amendment—Nunc Pro Tunc.—In an action
against a number of persons, it was agreed before trial that
the allegations of the petition as to two of the defendants
who had not answered should be traversed of record, but by
oversight this was not done at the time. Held, that the court
after the trial could enter an order nunc pro tunc making
the record conform to the agreement previously made.

Roberts v. Respass, &c.

4. Gaming—Remedies of Parties—Instructions—"Inviting, Per-
suading, or Inducing."—In an action to recover money lost in
playing poker, the court instructed that if defendants invited
or otherwise induced plaintiff to visit their place, and that a
poker game was being carried on by defendants, and that
while playing said game plaintiff lost at any time and within
24 hours $5 or more, a verdict should be returned for the
amount of plaintiff's losses not exceeding the sum sued for,
and that by "inviting" or "inducing" is not meant merely
personal application to the person invited, but any conduct
that induces such person to visit such place. Plaintiff re-
quested an instruction that by " 'inviting, persuading, or
inducing,' is not meant that personal application be made to
such person visiting such place, but the mere setting up and
furnishing such a place to carry on a game of chance is suf-
ficient invitation." Held, that it was error to refuse this
instruction.

A. E. STRICKLETT for appellant.

CLASSIFICATION OF AUTHORITIES.

1. The court was without power to make the nunc pro tunc
order traversing the petition of record. Records or orders cannot
be supplied from the memory of the court, or its officers. (Lynch
v. Reynolds, 6 Bush 574, and authority cited.)

2. Uncontroverted facts may be properly assumed in an instruc-
tion. (L. & N. R. R. Co. v. Earl's Admr., 94 Ky. 374; Henning v.
Stevenson, &c., 26 Ky. Law Rep. 162.)

3. There being no issue tendered in the pleadings, appellant
was entitled to a judgment regardless of the evidence or the
verdict. (L. & N. R. R. Co. v. Paynter's Admr., 25 Ky. Law Rep.,
and authorities cited; Schulte v. L. & N. R. R. Co., 23 Ky. Law
Rep. 21, and authorities cited.)

WM. A. BYRNE, attorney for appellees.

Appellant was not seeking to recover his losses from the men
with whom he played, nor from any employe of a gaming place,
but confessedly and avowedly from the "partners and pro-
prietors."

It was therefore not enough for appellant to show that he lost
money in the game of poker at this place, he was bound to make
plain to the jury, that he lost it to appellees, as "partners and
proprietors."

This he did not do. His testimony is; not supported by anyone and is denied by James Nolan, one of the appellees, in all matters connecting himself or Respass or Henegar, with the game as "partners and proprietors;" nor indeed, is it shown that he lost to appellees even as individuals.

Appellant Roberts, relies upon his testimony alone to make his case against appellees.

The jury did not believe Roberts; neither should they have believed him.

### AUTHORITIES CITED.

Gayheart v. Patton, 20 S. W. 12, 14 Ky. Law Rep. 570; Reed v. Langford, 3 J. J. Mar. 420 (26 Ky.); Salmons v. Webb, 12 B. Mon. 365 (51 Ky.); Crook v. Dillon, 1 Ky. Law Rep. 62; Tonstal v. Bishong, 2 A. K. Mar. 521 (9 Ky.); New York Life Ins. Co. v. Graham, 2 Duvall 506 (63 Ky.); L. & N. R. R. Co. v. Gorman, 13 Ky. Law Rep. 494; Bagby v. Lewis, 2 T. B. Mon. 76 (19 Ky.); Roach v. Maid Id. 142; Grimes v. Dearborn, 3 J. J. Marsh (26 Ky.); Garrard v. White, 14 S. W. 966, 12 Ky. Law Rep. 656; Hampton v. Meek, 15 S. W. 521; 12 Ky. Law Rep. 790; Swope v. Shafer, 22 S. W. 78, 15 Ky. Law Rep. 42; Arthur v. Watson, 15 Ky. Law Rep. 605; Triplett v. Sealbach, 91 Ky. 30.

OPINION OF THE COURT BY WM. ROGERS CLAY, Commissioner—Reversing.

Plaintiff, Park Roberts, instituted this action against J. B. Respass, James Nolan, Andrew Hennegar, and others to recover the sum of $3,500 alleged to have been lost in a poker game conducted by the defendants on Court street, in the city of Covington, Ky. The action was based upon the statement that the defendants were partners and proprietors of the place where the game was carried on, and that they persuaded and invited and otherwise induced the plaintiff to visit their said place. Respass, Wilson, and others filed a joint answer, putting in issue the allegations of partnership and their connection with the same. Nolan and Hennegar failed to answer;

but, it being conceded that it was agreed before trial that the allegations of the petition and amended petition as to them might be traversed of record, the court, after the trial, entered a nunc pro tunc order traversing of record the allegations of the petition. Before the trial the suit was dismissed without prejudice as to Wilson and Kincade and others. The case against Respass, Nolan, and Hennegar was tried by a jury and a verdict returned in favor of the defendants. From the judgment entered thereon, Park Roberts prosecutes this appeal.

The testimony of the plaintiff was to the effect that he had been engaged in the saloon business at Ft. Thomas, Ky., for about 10 years; that on or about the 10th or 15th of April, 1906, one "Tick" Armstrong, who was in charge of the check rack at a place in Covington where gaming was carried on, approached him, and invited him to participate in a game of poker conducted at that place. When he failed to go on this invitation, he was again approached by Armstrong, and finally went to the place and continued to go there for some time. From the early part of May until about the middle of September he lost the sum of $3500. The place where the gaming was carried on was fitted up with lights, telephone, tables, and chairs. Nolan admitted to him that he was one of the six proprietors. The telephone was in Nolan's name. Nolan introduced plaintiff to Respass. Later plaintiff had three conversations with Respass, who admitted that he was connected with the game as a partner, and was receiving one-sixth of the receipts as rent for the building on which he had a lease. Hennegar likewise admitted that he was a partner. Nolan and Hennegar were there all the time. Respass was there only occa-

sionally.    Nolan and Hennegar were in charge of
the game.    Checks on different banks were produced
which had been given to Nolan, and by him indorsed
in payment of losses sustained by Roberts.    On cross-
examination Roberts admitted that he wanted to get
his money back in any way he could, and that he even
asked for a partnership in the game for the purpose
of recouping his losses.    John Cunningham testified
that he was a caterer employed to serve dinner from
5:30 to 8:30 o'clock in the evening at the place where
it was alleged the gaming was conducted.    He was
paid for these meals by the cashier, was employed
by Nolan, and was afterwards discharged by Henne-
gar.    The only one of the defendants who testified
was James Nolan.    Nolan, after testifying to other
matters, which it will not be necessary to detail,
denied in positive terms that he told the plaintiff that
he was a partner, or that the other men—Respess,
Hennegar, etc.—were partners.    He also testified
that Roberts approached him for the purpose of
securing an interest in the game, and told him that he
had run a faro bank and stud poker in Butte City,
Mont.

It is first contended by appellant that the court
erred in failing to give a peremptory instruction in
his favor against Respass and Hennegar; counsel
taking the position that the testimony was all one
way, and that there was therefore nothing to submit
to the jury.    It may be conceded that where the testi-
mony is all one way, and there are no facts or cir-
cumstances or other testimony tending to contradict
the testimony of plaintiff, it is proper for the trial
court to give a peremptory instruction in favor of
the plaintiff.    That is not this case, however.    While
appellant was not contradicted as to the statements

which he claims were made by Respass and Hennegar, he was contradicted in regard to the statements which he claims were made to him by Nolan. This, then, was sufficient to raise the issue of the credibility of the witnesses. That being the case, the evidence was, not all one way, and it was proper for the court to submit the issue involved to the jury, and it was within their province to believe or not believe plaintiff, as they saw fit. We are therefore of the opinion that the court did not err in submitting the case to the jury.

It is next insisted that the court erred in excluding evidence of the fact that there were house players engaged in the game, and that plaintiff was always playing against the best hand. If plaintiff had based his action upon the theory that the money he lost was won by the defendants, it might have been proper to show who were engaged in the game and whom the parties so engaged represented. Under the allegations of his petition, however, and under the theory upon which he based his suit, it was only necessary to show that he was invited, persuaded, or otherwise induced to visit the place in question by the defendants or any one of them, and that he lost his money at a game conducted at that place. That being the case, it is immaterial whether the game was fairly or unfairly conducted. He was entitled to recover in either event. Under such circumstances, the testimony as to the unfairness of the game would only serve to prejudice the minds of the jury, and distract their attention from the real issue in the case. We therefore conclude that the court properly excluded such testimony.

Appellant further insists that the entry of the nunc pro tunc order after the trial, traversing of

record the allegations of the petition, was altogether unauthorized, and that he was therefore entitled to a judgment notwithstanding the verdict, inasmuch as at the time the verdict was rendered the allegations of the petition as to the defendants Nolan and Hennegar were undenied. While it does not so appear of record, it is insisted by counsel for appellee, and not denied by counsel for appellant, that it was agreed before trial that the allegations of the petition as to Hennegar and Nolan could be traversed of record. By oversight this was not done at the time. As the court still had jurisdiction of the case when the nunc pro tunc order was entered, it was not error to enter this order so as to make the record conform to the agreement previously made. Under these circumstances, the appellant was not entitled to a judgment notwithstanding the verdict.

The next complaint is of the instructions given and refused. The court instructed the jury as follows:

"(1) If, from all the evidence, the jury believe that the defendants, J. B. Respass, James Nolan, or Andrew Hennegar, or either of them, invited, persuaded, or otherwise induced plaintiff to visit the place at the southeast corner of Court avenue, and Second street, in the proof described, and that at the said place a game of chance was being carried on, to wit, a poker game, by defendants, as partners, or either of them, and that while playing said game the plaintiff lost at any time and within 24 hours $5 or more, they shall find a verdict for the plaintiff for the amount of his losses, not exceeding the sum of $3,500, the amount claimed in the petition; otherwise they will find for the defendants, or either or all of them.

"(2) The court instructs the jury that by inviting,

persuading, or inducing is not meant that personal application be made to the person invited, but that any conduct that induces such a person to visit such place is sufficient.''

Among others, the appellant offered the following instruction: ''The court instructs the jury further, that by inviting, persuading or inducing is not meant that personal application be made to such person visiting such place, but the mere setting up and furnishing a place to carry on a game of chance is sufficient invitation.''

In the case of Triplett v. Seelbach, etc., 91 Ky. 30, 14 S. W. 948, 12 Ky. L. R. 661, wherein the court was discussing the sections of the statute under which this action was brought, it was said: ''It is not understood that the person inviting or persuading or inducing should make personal application to the person invited etc., in order to render himself amenable for the fine or to such person; but any conduct of his that induces such person to visit such place is sufficient. If a person furnish a place for the purpose of having others to visit it and game, and any one is induced thereby to visit said place while gaming is going on, the person thus fixing up the place, etc., is liable for the statutory penalty; and he is also liable for any sum that the said person may lose at gaming while visiting said place.'' By comparing this language with that of instruction No. 2, given by the court, it will be seen that, while the court properly instructed the jury upon the question of what was sufficient invitation, persuasion, or inducement, he did not go far enough and embody in the instructions the idea involved in the latter part of the paragraph above quoted. This idea is embraced in the instruction offered by counsel for appellant. Under the circum-

stances of this case, we are of the opinion that appellant was entitled to the instruction offered, and that the court erred in failing to give the same.

For the reasons given, the judgment is reversed, and the cause remanded for a new trial consistent with this opinion.